**Satpal SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–74115.

Agency No. A75–260–407.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 17, 2004.*

Decided Feb. 23, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Earle A. Sylva, Rai Law & Associates, PC, San Francisco, CA, for Petitioner.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, John M. McAdams, Jr., DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before FERNANDEZ, W. FLETCHER, and TALLMAN, Circuit Judges.

MEMORANDUM**

Satpal Singh, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals ("BIA") summarily affirming a decision of the immigration judge ("IJ") denying Singh's application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. Because the BIA affirmed the IJ's decision without opinion, we review the IJ's decision as the final agency determination. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir.2003). We review the IJ's adverse credibility determination under the substantial evidence standard. *See Valderrama v. INS*, 260 F.3d 1083, 1085 (9th Cir.2001) (per curiam). We deny the petition.

The IJ identified material inconsistencies within Singh's testimony, as well as discrepancies between his testimony and the written declaration submitted as part of his asylum application. Because these inconsistencies concern Singh's torture and harassment by the Punjab police, they go

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

to the heart of Singh's claim for asylum, and substantial evidence supports the IJ's credibility finding. *See id.*

Because Singh failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See id.*

We do not address petitioner's claim under the Convention Against Torture because it was not raised before the IJ or BIA. *See Ortiz v. INS,* 179 F.3d 1148, 1152–153 (9th Cir.1999).

## PETITION FOR REVIEW DENIED.